**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

LAURIE FOLLETT,

   *Plaintiff,*

v.

ALMA HOUSING COMMISSION,
and ERIC SCHALM,

   *Defendants.*

_____/

Case No. 1:26-cv-10718

Shalina D. Kumar
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**OMNIBUS ORDER RESOLVING**
**ECF Nos. 14, 15, 22, 23, 24, 25, 29, 31, 37, 40, and 41**

## I. Introduction

Plaintiff, proceeding *pro se*, initiated this case in state court, alleging disability discrimination and failure to accommodate in violation of federal and state statutes. (ECF No. 1-1).  Defendants removed the case to this Court on the basis of federal question jurisdiction.  (ECF No. 1).  In broad terms, Plaintiff alleges that Alma Housing Commission (AHC) and its executive director, Eric Schalm, discriminated against her by denying her application for public housing after her cognitive disability caused her to mistakenly indicate that she uses marijuana on her

1

application.  (*See* ECF No. 1-1).

Before the Court are eleven non-dispositive motions (ECF Nos. 14, 15, 22, 23, 24, 25, 29, 31, 37, 40, & 41) filed by Plaintiff between April 9 (ECF No. 14) and July 10 (ECF No. 41).[1]  For the reasons explained below, Plaintiff's motions will be resolved as follows:

- Motion to stay discovery pending resolution of motion to amend (ECF No. 37) will be **GRANTED**;

- Motion to stay scheduling order deadlines due to hardship (ECF No. 40) will be **DENIED WITHOUT PREJUDICE IN PART** and **DENIED AS MOOT IN PART**;

- Motion to seal protected health information and sensitive data (ECF No. 14) will be **GRANTED IN PART**;

- Motions for leave to "take" written deposition (ECF No. 15), for short-term accommodation regarding Local Rule 7.1 (ECF No. 29), and for immediate rulings (ECF No. 31) will be **DENIED AS MOOT**; and

- Motions to compel (ECF Nos. 22, 23, & 24), to deem objections waived (ECF No. 25), and for exemption from PACER fees (ECF No. 41) will be **DENIED**.

---

[1] The Undersigned has recently issued a report and recommendation (ECF No. 42) concerning two of Plaintiff's other pending motions (ECF Nos. 18 & 32).

Because the Court will **GRANT** Plaintiff's motion to stay discovery pending resolution of her motion to amend (ECF No. 37), the case will be **STAYED** until the District Court enters an order resolving the motion.  Once the District Court has ruled, the Undersigned will enter an amended scheduling order setting new deadlines.  Until the new scheduling order is entered, any filings (other than those related to objections to the District Court) will be **STRICKEN**.

## II.   Discussion

### A.   Motions to Stay (ECF No. 37 & 40)

Plaintiff seeks to stay discovery and the remaining scheduling order deadlines. (ECF Nos. 37 & 40).  In support of the motions, Plaintiff asserts that a stay is appropriate because her pending motion for leave to amend may affect the scope of the litigation and because she is experiencing housing instability and other personal hardships.

District courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  The Court concludes there is good cause for a temporary stay of the remaining scheduling order deadlines pending resolution of the motion for leave to amend.  Resolution of that motion may affect the operative pleading, the scope of discovery, and any dispositive motion practice. Staying the current scheduling deadlines will promote the efficient administration of

3

this action and avoid potentially unnecessary or duplicative discovery and motion practice. Accordingly, the Court **STAYS** all remaining deadlines in the current scheduling order, including the discovery and dispositive motion deadlines, pending the District Court's resolution of the motion for leave to amend. Following resolution of that motion, the Undersigned will enter an amended scheduling order, establishing new deadlines for the progression of this case.

Therefore, Plaintiff's motion to stay discovery pending resolution of her motion to amend (ECF No. 37) is **GRANTED**. Her motion to stay the scheduling order deadlines due to housing instability and related hardships (ECF No. 40) is **DENIED AS MOOT** to the extent it seeks a temporary stay of the remaining scheduling deadlines pending resolution of the motion to amend, and is otherwise **DENIED WITHOUT PREJUDICE**. Once the stay is lifted, Plaintiff may file a motion for extensions of time or other relief appropriate to her circumstances at that time.

### B. Motion for a Protective Order (ECF No. 14)

Plaintiff moves to seal protected health information and sensitive data, stating such relief is necessary because "[d]iscovery and pleadings in this matter necessarily involve the disclosure of Plaintiff's private medical records and specific diagnoses of cognitive disabilities." (ECF No. 14, PageID.102). Defendants agree in principle with the requested relief but ask that the Court require Plaintiff to abide by the

procedure set forth in Local Rule 5.3(b), including providing Defendants with an index of exhibits that she seeks to seal. (ECF No. 26, PageID.179–80). Defendants also alternatively "believe that a mutually agreed upon protective order would address the concerns raised by Plaintiff in her Motion to Seal and have communicated this to Plaintiff." (*Id.*).

Given Plaintiff's *pro se* status, the Court finds Defendants' alternate solution to be the best option. Conferring on this matter will allow the parties to come to a mutually acceptable resolution and hopefully reduce protracted litigation on discovery issues. Further, defense counsel, as attorneys admitted in this District, are aware of the requirements for a stipulated protective order.

Accordingly, Plaintiff's motion is **GRANTED IN PART** as to the underlying request for a protective order. However, the terms of the protective order shall be discussed by the parties and Defendants are required to submit a proposed stipulated order in the usual manner or file a notice on the docket that the parties were unable to come to an agreement. If Defendants file such a notice, Plaintiff may file a renewed motion for a protective order. Because the Court is staying this matter pending resolution of the motion to amend, the parties are encouraged to confer during this time so the issue can be quickly resolved once the stay is lifted. Regardless, Defendants are **REQUIRED** to submit a proposed stipulated order or

file the above-described notice **within 14 days of the District Court's order resolving Plaintiff's motion to amend.**[2]

### C.      Motion for Leave to "Take" Written Deposition (ECF No. 15)

In this motion, Plaintiff requests that Defendants be required to depose her in writing.  (ECF No. 15).  Defendants do not object to this request and say they have communicated this to Plaintiff who did not want to withdraw her motion.  (ECF No. 26, PageID.180).   Because Defendants represent that they stipulate to taking Plaintiff's deposition by written questions pursuant to the Federal Rules of Civil Procedure, Plaintiff's motion is **DENIED AS MOOT**.

### D.      Discovery Motions (ECF Nos. 22, 23, 24, 25, & 29)

The Court now turns to five discovery motions filed by Plaintiff, specifically three motions to compel (ECF Nos. 22, 23, & 24), one to deem objections waived (ECF No. 25), and one for short-term accommodation regarding Local Rule 7.1 (ECF No. 29).  Plaintiff did not provide copies of the discovery requests at issue as exhibits to her motions, nor did she include a verbatim recitation of the requests in the motions.

---

[2] Once the stay is lifted, the Court will direct Defendants to respond to Plaintiff's pending motion to quash or limit third-party subpoena (ECF No. 36).  Until the Court rules on the motion, no action should be taken to comply with the subpoena.  Defendants must notify the relevant third-party, Clinton County Medical Center, within 2 business days of *this* Order's entry.

In their response, Defendants explain that they have responded to all of Plaintiff's discovery requests (ECF No. 28, PageID.196–98), but that if the Court finds otherwise, they will supplement as necessary (*id.* at PageID.199).  They further explain that they were untimely in some responses due to the need to wait for responses and documents from third parties, which defense counsel communicated to Plaintiff.  (*Id.* at PageID.200).  Defendants also point out that Plaintiff has not abided by the District Court's or the Undersigned's practice guidelines[3] nor Local Rule 7.1 by failing to meaningfully confer with defense counsel before filing her discovery motions.  (*Id.* at PageID.193–95).

Because Local Rule 7.1 is a common theme in these motions and responses, the Court begins with Plaintiff's motion for short-term accommodation regarding Local Rule 7.1 (ECF No. 29).  This motion was filed on June 15, 2026, and requests a 30-day accommodation to Local Rule 7.1 in the form of requiring "that all mandatory Local Rule 7.1 meet-and-confer exchanges be conducted strictly via written email for the next 30 days."  (*Id.* at PageID.214).

Local Rule 7.1 provides:

> Before filing a motion relating to discovery, the movant must comply with Federal Rule of Civil Procedure 37(a)(1).  Otherwise, the movant must ascertain before filing whether the contemplated motion or request under Federal Rule of Civil Procedure 6(b)(1)(A) will be opposed.  To accomplish this, the movant must confer with the other

---

[3] When a case has been referred to the Undersigned for all pretrial matters, her practice guidelines rather than the District Judge's should be consulted.

parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion. The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.

E.D. Mich. LR 7.1(a). Comments to this rule further provide:

**LR 7.1(a)** requires that a moving party conduct a meaningful and timely conference with other parties to explain the nature of the relief sought and the grounds for the motion, to seek concurrence, and to narrow the issues. The Court's strong preference is for conferences held in a manner that facilitates discussion and debate, such as in person, by video or by telephone. Sometimes, email exchanges may suffice if the motion is rudimentary and uncomplicated, or to document conversations. But sending an email without engaging the other parties will not satisfy this rule.

Comment to 2024 Revisions, E.D. Mich. LR 7.1.

Plaintiff's motion is **DENIED AS MOOT** as her proposed 30-day period expired this week. However, the Court is sympathetic to Plaintiff's health concerns and the impact her health conditions may have on her ability to communicate orally. Accordingly, whenever it is possible to conduct meaningful discussion via email, the Court finds no issue with the parties conferring using this method of communication. However, this does not mean it is acceptable to send an email and then proceed without waiting for a response. If the parties are to confer via email, they must be

willing to engage in meaningful discussion including giving the opposing side time to respond.

Turning next to Plaintiff's motions to compel (ECF Nos. 22, 23, & 24) and motion to deem objections waived (ECF No. 25).  As noted above, Plaintiff did not provide the Court with the exact requests at issue.  Such is required by Local Rule 37.2, which provides:

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

E.D. Mich. LR 37.2.  This is not merely a procedural rule.  The Court cannot reach a fully informed decision on the merits of a discovery motion without knowing the precise language used in the requests and, where relevant, the responses or objections to the requests.

The failure to provide the Court with this information is proper grounds to deny a discovery motion.  *Hemphill v. City of Taylor*, No. 14-CV-14958, 2016 WL 6524142, at *2 (E.D. Mich. Nov. 3, 2016).  Moreover, Defendants represent that they believe they have now fully responded to all of Plaintiff's discovery requests, meaning these motions are likely moot.  *Id.* ("Additionally, in light of the fact that Defendants have since served Plaintiff with discovery and that Plaintiff has made no further contact with the Court regarding the instant Motion or Defendants' discovery

responses, the Court finds that this Motion has likely been rendered moot.").
Regardless, Plaintiff's motions to compel (ECF Nos. 22, 23, & 24) and motion to
deem objections waived (ECF No. 25) are **DENIED** pursuant to Local Rule 37.2.

### E.    Motion for Immediate Ruling (ECF No. 31)

In this motion, Plaintiff requests immediate ruling on several pending matters.
This Order and the Undersigned's prior report and recommendation (R&R) (ECF
No. 42) resolve these matters.  As such, the motion is **DENIED AS MOOT**.

The Court appreciates the parties' patience in awaiting rulings on the many
pending motions in this case.  This case is but one of many on the Court's docket
and in order to give each case and motion the attention it is due, waiting a few weeks
to a few months before the Court rules is a standard part of civil litigation.  *See, e.g.,*
*Miller v. Jones*, No. 3:17-CV-00371, 2019 WL 921453, at *4 (E.D. Tenn. Feb. 25,
2019) ("Plaintiff is NOTIFIED that the Court has a heavy case load and will address
the matters set forth in this action as expeditiously as the Court's docket allows."
(emphasis omitted)).

### F.    Motion for Exemption from PACER Fees (ECF No. 41)

In this motion, Plaintiff, who is proceeding *pro se,* requests an exemption from
PACER fees associated with this action.  She asserts that the costs of accessing court
filings impose a financial hardship given her limited income and that electronic

10

access is necessary to monitor the docket, comply with deadlines, and participate in the litigation.

Under the Judicial Conference's Electronic Public Access Fee Schedule, a court may, upon a showing of cause, exempt an individual from PACER fees where such an exemption is necessary to avoid unreasonable burdens and to promote public access to information. *Chasteen v. Johnson*, No. 2:12-cv-229, 2013 WL 811542, at *1 (S.D. Ohio Jan. 23, 2013), *report and recommendation adopted*, 2013 WL 811412 (S.D. Ohio Mar. 5, 2013). Any exemption must be limited in scope, granted for a definite period of time, and may be revoked at the Court's discretion. *Id.*

Here, Plaintiff has not demonstrated that a PACER fee exemption is necessary to avoid unreasonable burden. Registration for PACER is free, fees are modest and subject to a quarterly waiver threshold, and parties receive courtesy copies of filings served in their cases. *Malouf v. Detroit Med. Ctr.*, No. 10-cv-14763, 2011 WL 1465787, at *1 (E.D. Mich. Apr. 18, 2011). Plaintiff does not explain why the amount of free access already available to her is insufficient. *Chasteen*, 2013 WL 811542, at *1 (denying motion where plaintiff did "not explain why the electronic copies of every document filed in this case, and which have presumably been made available to him free of charge, are insufficient to permit him to vigorously pursue his claims"). Moreover, the right to proceed *in forma pauperis* does not include the

right to free copies of court filings. *Malouf*, 2011 WL 1465787, at *1. Accordingly, Plaintiff's motion for exemption from PACER fees (ECF No. 41) is **DENIED**.

### III.   Conclusion

For these reasons, **IT IS HEREBY ORDERED** Plaintiff's motions are resolved as follows:

- Motion to stay discovery pending resolution of motion to amend (ECF No. 37) is **GRANTED**;

- Motion to stay scheduling order deadlines due to hardship (ECF No. 40) is **DENIED WITHOUT PREJUDICE IN PART** and **DENIED AS MOOT IN PART**;

- Motion to seal protected health information and sensitive data (ECF No. 14) is **GRANTED IN PART**;

- Motions for leave to "take" written deposition (ECF No. 15) and for short-term accommodation regarding Local Rule 7.1 (ECF No. 29) are **DENIED AS MOOT**; and

- Motions to compel (ECF Nos. 22, 23, & 24), to deem objections waived (ECF No. 25), for immediate rulings (ECF No. 31), and for exemption from PACER fees (ECF No. 41) are **DENIED**.

Because the Court **GRANTS** Plaintiff's motion to stay discovery pending resolution of her motion to amend (ECF No. 37), the case is **STAYED** until the District Court enters an order resolving the motion.

Plaintiff may file objections to this Order and the Undersigned's pending R&R (ECF No. 42), but any other filings shall be **STRICKEN** as violative of the stay.

**IT IS SO ORDERED.**

Date:  July 22, 2026

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

13